**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Rose, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Wildflower Bread Company,<br><br>        Defendant. | CV09-1348-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendant's Motion to Strike Time-Barred Consent Forms (Doc. 98) and Plaintiff's Motion to Strike Declaration of Louis J. Basile, Jr. (Doc. 101). The Court now rules on the Motions.

## I. BACKGROUND

Defendant Wildflower Bread Company operates multiple restaurants in Arizona. Plaintiff Alison Rose worked for Defendant as an Assistant Manager until September 2008. Defendant classifies all its Assistant Managers as exempt from the overtime provisions of the Fair Labor Standards Act (the "FLSA").[1] Defendant therefore does not pay its Assistant Managers time and a half for any hours worked over forty in a workweek. Plaintiff filed this

---

[1] The FLSA provides that a covered employer shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

1  case on June 23, 2009 on her own behalf and on behalf of all those similarly situated (Doc.
2  1). She claims that she and the other Wildflower Assistant Managers regularly perform(ed)
3  non-exempt physical or manual work and were therefore entitled to overtime pay.

4  This Court granted conditional class certification under the FLSA on May 4, 2010
5  (Doc. 85.) Plaintiffs Miriam Warren and Aaron Neal, also former Assistant Managers at
6  Wildflower, filed consents seeking to join the case more than two years after their
7  employment with Wildflower ended. Warren ceased employment with Wildflower on May
8  3, 2008, but did not file a consent form until May 28, 2010. Neal ceased employment with
9  Wildflower on December 10, 2007, but did not file a consent form until June 9, 2010.

10  Defendant filed a Motion to Strike Time-Barred Consent Forms on August 20, 2010
11  (Doc. 98). Plaintiff filed a Motion to Strike Declaration of Louis J. Basile, Jr. (Doc. 101).
12  The Court now rules on the motions.

13  **II.   MOTION TO STRIKE TIME-BARRED CONSENT FORMS**

14  In its motion to strike Plaintiff Warren and Neal's consent forms, Defendant argues
15  that (1) Plaintiffs' claims are subject to the FLSA's two-year statute of limitations and are
16  therefore time-barred, and (2) equitable tolling does not apply to the time-barred consent
17  forms.

18  **A.   Statute of Limitations**

19  In FLSA collective actions, plaintiffs must affirmatively opt-in to participate in the
20  litigation. 29 U.S.C. § 216(b). The FLSA permits complaints for unpaid wages or overtime
21  for two years "after the cause of action accrued." 29 U.S.C. § 255(a). However, willful
22  violations of the FLSA are subject to a three-year statute of limitations. 29 U.S.C. § 255(a).
23  To establish a willful violation, an employee must prove that his employer knew that its
24  conduct was prohibited by the FLSA or showed reckless disregard about whether it was.
25  *Alvarez v. IBP, Inc.*, 339 F.3d 849, 908 (9th Cir. 2003). Reckless disregard of the FLSA's
26  requirements is defined in the regulations as "failure to make adequate inquiry into whether
27  conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.04.

28

Defendant asserts that it has never been the subject of any other litigation or audited by any federal or state agency, including the Department of Labor, regarding its pay practices. In addition, Defendant claims in its motion that there is no evidence of any prior formal complaints regarding its Assistant Managers' exempt status. However, Defendant admits that Plaintiff Rose made a complaint in December 2008, after which Defendant claims it retained outside counsel to address her contentions. Plaintiffs Rose and Neal state in their declarations in opposition to Defendant's motion that they both informed Defendant on multiple occasions of their belief that Assistant Managers should be entitled to overtime pay.

The parties have not yet completed discovery. On the current record, the Court is unable to determine as a matter of law whether or not Defendant's conduct, if in fact a violation of the FLSA, constituted a willful violation such that the three-year statute of limitations would apply. The Court therefore will deny the Motion to Strike Time-Barred Consent Forms at this time without prejudice to Defendant making arguments concerning the applicable statute of limitations in a motion for summary judgment or in any other response.

**B.     Equitable Tolling**

Plaintiff argues that equitable tolling is appropriate here because potential class members, through no fault of their own, have been unable to join the lawsuit as a result of Defendant's delay in providing contact information. Defendant counters that it was not required to provide contact information for potential claimants until a collective action was certified.

Under the FLSA, the statute of limitations for each individual party plaintiff is not tolled until he or she files a written consent to opt-in to the action. 29 U.S.C. § 256(b). The statute of limitations may be equitably tolled when (1) the plaintiff is prevented from asserting a claim by the defendant's wrongful conduct or (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

The Ninth Circuit has not considered, and district courts appear to be split on, whether refusal to provide contact information for potential class members is grounds for equitable tolling. *Compare Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) (tolling statute of limitations where defendant had refused to disclose contact information of potential plaintiffs), *with Gerlach v. Wells Fargo & Co.*, 2006 WL 824652 at *5 (N.D. Cal. 2006) (holding equitable tolling was not appropriate where defendants refused to provide contact information).

The FLSA does not require defendants to provide contact information for potential plaintiffs before the court certifies the collective action. *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187 at *3 (N.D. Cal. 2007) (citing *Adams*, 242 F.R.D. at 543). In holding that equitable tolling was not appropriate, the court in *Prentice* reasoned that "[i]f refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless, or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement." This Court agrees that a defendant's refusal to provide contact information that the FLSA does not require to be disclosed is not sufficient grounds for equitable tolling. Thus, if a defendant has not committed misconduct aimed at preventing potential plaintiffs from opting-in to the lawsuit, equitable tolling is not warranted. The Court therefore concludes that Plaintiffs are not entitled to equitable tolling of the FLSA statute of limitations.

### III.   MOTION TO STRIKE DECLARATION OF LOUIS J. BASILE, JR.

Plaintiff moves to strike portions of the Basile Declaration on the basis that it contains inadmissible evidence.[2] Because the Court has not considered the declaration in its ruling denying Defendant's motion to strike, the Court will deny Plaintiff's motion to strike the declaration at this time as moot.

---

[2] Plaintiff argues that: paragraph three lacks proper foundation and includes hearsay statements; paragraphs four and five contain statements that lack foundation and relevance; and paragraphs six and seven lack foundation and contain conclusory allegations.

Accordingly,

IT IS ORDERED Denying without prejudice Defendant's Motion to Strike Time-Barred Consent Forms (Doc. 98).

IT IS FURTHER ORDERED Denying without prejudice Plaintiff's Motion to Strike Declaration of Louis J. Bastile, Jr. (Doc. 101.)

DATED this 20th day of January, 2011.

*James A. Teilborg*
United States District Judge