**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Rose, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Wildflower Bread Company,<br><br>        Defendant. | CV09-1348-PHX-JAT<br><br>**ORDER** |

The Court granted Defendant's Partial Motion for Judgment on the Pleadings (Doc. #33) as to Count II only on May 4, 2010 (Doc. 85). Plaintiff has moved the Court to reconsider that ruling based on the Ninth Circuit Court of Appeals decision in *Wang v. Chinese Daily News, Inc.*, 623 F.3d 734 (9th Cir. 2010), which was decided after the Court's May 4, 2010 Order. (Doc. 109.) After reviewing the Motion for Reconsideration, the Response thereto, and the Reply in support, the Court will grant the Motion for Reconsideration and order the Plaintiff to re-file a motion for class certification pursuant to Federal Rule of Civil Procedure 23.

**I.    BACKGROUND**

Defendant Wildflower Bread Company operates multiple restaurants in Arizona. Plaintiff Alison Rose worked for Defendant as an Assistant Manager. Defendant classifies all its Assistant Managers as exempt from the overtime pay provisions of the Fair Labor

Standards Act (the "FLSA").[1] Defendant therefore does not pay its Assistant Managers time and a half for any hours worked over forty in a work week.

Plaintiff brings this case on her own behalf and on behalf of all those similarly situated. She claims that she and the other Wildflower Assistant Managers regularly perform(ed) non-exempt physical or manual work. Plaintiff argues that Assistant Managers do not fall under the "executive exemption" to the FLSA set out in 29 C.F.R. §541.100 because the duties of Assistant Managers consist mainly of manual work. Plaintiff therefore seeks the remedies provided in 29 U.S.C. §216(b) for a violation of the overtime provision of 29 U.S.C. §207(a).

Plaintiff further claims that Defendant's failure to pay overtime to its Assistant Managers, as required by the FLSA, violates the Arizona Wage Act. The Arizona Wage Act does not contain a provision requiring payment of overtime for hours in excess of forty, but the Act does require that employees receive their "wages" in a timely fashion. A.R.S. §§23-351 *et seq*. If Defendant owed Plaintiff overtime wages under the FLSA, then she did not receive those "wages" in the time required by the Arizona Wage Act. The Arizona Wage Act provides for treble damages, A.R.S. §23-355, while the FLSA allows double damages, 29 U.S.C. §216(b).

Plaintiff sought collective action treatment of her FLSA claims pursuant to 29 U.S.C. §216. (Doc. #34.) She also moved for class certification under Federal Rule of Civil Procedure 23 for her state law Arizona Wage Act claim. (Id.) In its May 4, 2010 Order, the Court conditionally certified a representative collective action pursuant to the FLSA "on behalf of all current and former Wildflower Assistant Mangers employed at anytime on or after three years prior to the filing of the Complaint." (Doc. 85, p.21.) In that same Order,

---

[1] The FLSA provides that a covered employer shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

- 2 -

the Court denied Plaintiff's Rule 23 Motion for Class Action Certification as moot because the Court granted judgment on the pleadings to Defendant on Plaintiff's only state law claim. (Id., p.17.)

The Court granted judgment on the pleadings to Defendant on Plaintiff's Arizona Wage Act claim because the Court found, based on obstacle preemption, that the FLSA preempted the state law claim. The Court held that the FLSA preempts a state law claim if the state law claim "wholly depends upon a violation of the FLSA . . .." (Id., pp.12-13.)

The Court determined that permitting Plaintiff to file a claim under that Arizona Wage Act that depends completely on the FLSA for its viability would allow her to circumvent the comprehensive remedial scheme set out in the FLSA. (Id., p.13.) Ultimately, the Court found that allowing Plaintiff to proceed on her dependent state law claim would frustrate the "accomplishment and execution of the full purposes and objectives of Congress" in enacting the FLSA's comprehensive remedial scheme and the Portal-to-Portal amendments' opt-in provisions.[2] (Id., pp.13-15.) In reaching its decision, the Court relied on *dicta* in *Williamson v. Gen. Dynamics*, 208 F.3d 1144, 1154 (9th Cir. 2000)("Fraud claims by employees do not conflict with the FLSA any more than claims for wrongful death, assault, or murder. Claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA.") and the reasoning of *Anderson v. Sara Lee*, 508 F.3d 181 (4th Cir. 2007).

---

[2]Originally, the FLSA gave employees the right to bring a traditional opt-out class action. A Supreme Court decision interpreting the FLSA led to thousands of portal-to-portal lawsuits. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3rd Cir. 2003). In response to the dramatic increase in litigation, Congress sought to "define and limit the jurisdiction of the courts through the Portal-to-Portal Act." *Id*. Noting the immensity of the litigation problem, Congress amended the FLSA to require employees to affirmatively opt-in to overtime pay litigation. *Id*.

## II.     ANALYSIS AND CONCLUSION

Plaintiff moves pursuant to Local Rule of Civil Procedure 7.2 for reconsideration of the Court's Order finding that the FLSA preempts her Arizona Wage Act claim. The Court ordinarily will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g).

Plaintiff bases her Motion for Reconsideration on *Wang*. The Court entered its Order on May 4, 2010. The Ninth Circuit Court of Appeals filed the decision in *Wang* on September 27, 2010. Plaintiff filed her Motion for Reconsideration on October 7, 2010. Plaintiff therefore did not delay in bringing the *Wang* decision to the Court's attention.

The plaintiffs in *Wang* worked for a Chinese-language newspaper. 623 F.3d at 748. They alleged that their employer made employees work more than eight hours a day and forty hours a week, denied employees overtime compensation, and denied employees meal and rest breaks, accurate and itemized wage statements, and penalties for wages due, but not promptly paid, at termination. *Id*. at 749. The plaintiffs brought suit under the FLSA, California's Labor Code, and California's Unfair Competition Law, Cal Bus. & Prof.Code §17200. *Id*.

The California district court certified the plaintiffs' FLSA claims as a collective action and certified the state-law claims as a class action under Federal Rule of Civil Procedure 23(b)(2) and, alternatively, subsection (b)(3). *Id*. The district court granted summary judgment to the employees on the FLSA's creative professionals exemption issue, finding the employees were non-exempt. *Id*. at 750. The district court held a 16-day jury trial, which resulted in a special verdict for plaintiffs, and conducted a bench trial on the remaining issues of injunctive relief, penalties, prejudgment interest, and restitution. *Id*.

On appeal, employer argued, among other things, that the district court erred: (1) in finding that a cause of action alleging violations of FLSA under California Business and

- 4 -

1   Professions Code §17200 is not preempted by FLSA[3] and (2) in choosing to exercise
2   supplemental jurisdiction over the state-law claims. *Id*. at 759. Section 17200 "borrows"
3   violations of other laws and treats those violations, when committed pursuant to business
4   activity, as unlawful practices independently actionable under section 17200. *Id*. at 758
5   (internal citations omitted).   The *Wang* plaintiffs' §17200 claim "borrowed" FLSA as the
6   substantive violation. *Id*. at 759.  The state-law claim therefore wholly depended on the
7   FLSA.

8   The Ninth Circuit began its preemption analysis by stating that it had never expressly
9   held that the FLSA preempts a state-law claim. *Id*.  In discussing *Williamson*, the Ninth
10  Circuit acknowledged that the *Williamson* opinion did contain "somewhat contradictory
11  statements," including *dicta* that "claims that are directly covered by the FLSA (such as
12  overtime and retaliation disputes) must be brought under the FLSA." *Id*.

13  The Ninth Circuit noted that the only category of preemption that might apply to the
14  plaintiffs' state law claim was conflict preemption. *Id*. at 760.  "Conflict preemption applies
15  where it is impossible to comply with both state and federal requirements or where state law
16  stands as an obstacle to the accomplishment and execution of the full purposes and objectives
17  of Congress." *Id*. (internal citations omitted).

18  In analyzing whether conflict preemption applied to the plaintiffs' §17200 claim, the
19  panel stated that where, as in the case of §17200, "the state and federal requirements are the
20  same, it is obviously possible to comply with both laws simultaneously." *Id*.  The panel also
21  recounted its holding in *Williamson* that the purpose of the FLSA was not to protect
22  employers as well as employees, but that the central purpose of the FLSA was to enact
23  minimum wage and maximum hour provisions to protect employees. *Id*. (citing *Williamson*,
24  208 F.3d at 1153-54).  The court found that allowing the employees to pursue the §17200

---

[3]The employer argued that the §17200 claim is "logically impossible, renders the federal scheme meaningless, and allows a federal tail to wag what is in substance a state dog." *Wang v. Chinese Daily News*, 623 F.3d 743, 759 (9th Cir. 2010).

- 5 -

claim would further the FLSA's purpose of protecting employees. *Wang*, 623 F.3d at 760.

The panel ultimately held that the FLSA does not preempt a state-law §17200 claim that borrows its substantive standard from the FLSA. *Id.* In reaching that conclusion, the panel specifically refused to follow *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194-95 (4th Cir. 2007), *id.* at 760, which this Court relied on in granting Defendant's Motion for Partial Judgment on the Pleadings.

Although not necessarily pertinent to this Court's earlier ruling, the panel went on to hold that the district court did not err in exercising supplemental jurisdiction over the state law claims. *Wang*, 623 F.3d at 762. The panel held that supplemental jurisdiction was appropriate despite noting that the clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under the FLSA. *Id.* at 761.

In reaching its decision on supplemental jurisdiction, the panel distinguished *De Ascencio* and instead followed *Lindsay v. Government Employees Insurance Co.*, 448 F.3d 416 (D.C. Cir. 2006). In *Lindsay*, the D.C. Circuit was not persuaded by the argument that the opt-in aspect of a FLSA collective action would preclude the exercise of supplemental jurisdiction over an opt-out state law class action, stating, "we doubt that a mere procedural difference can curtail section 1367's jurisdictional sweep." *Id.* at 424.

Defendant Wildflower attempts to distinguish *Wang*'s preemption holding based on the differences between §17200 and A.R.S. §23-351. Defendant argues that the *Wang* holding does not control here because A.R.S. §23-351 does not "borrow" its substantive standards from the FLSA like §17200. The Court finds that this is a distinction without a difference because both §17200 in *Wang* and Plaintiff's Arizona Wage Act claim completely depend on the FLSA for their viability, which formed the basis for the Court's earlier ruling.

The Ninth Circuit Court of Appeals might have discussed in more depth the impact of the FLSA's comprehensive remedial scheme on the obstacle preemption analysis. It also could have discussed Congress's objectives and goals in amending the FLSA to require employees to actively opt-in to FLSA collective actions, but it did not. Nonetheless, the

1  Court finds no reasonable basis for distinguishing *Wang* from this case and is constrained to
2  follow *Wang*'s holding that the FLSA does not preempt wholly dependent state claims.

3        The Court therefore must grant Plaintiff's Motion to Reconsider and vacate the
4  portion of its May 4, 2010 Order granting Defendant Partial Judgment on the Pleadings as
5  to Count II. The Court will reinstate Plaintiff's Count II Arizona Wage Act claim, and
6  Plaintiff will re-file her Motion for Class Certification.

7        Accordingly,

8        **IT IS HEREBY ORDERED** GRANTING Plaintiff's Motion for Reconsideration
9  (Doc. 109). The Court vacates the portion of its May 4, 2010 Order that granted judgment
10 on the pleadings to Defendant on Plaintiff's Count II. The Court hereby reinstates Plaintiff's
11 Count II Arizona Wage Act claim.

12       **IT IS FURTHER ORDERED** DENYING Plaintiff's Renewed Motion for Class
13 Certification (Doc. 109) without prejudice at this time. Plaintiff shall file a Motion for Class
14 Certification that does not incorporate by reference its earlier motions no later than twenty
15 (20) days from the date of this Order.

16       DATED this 20th day of January, 2011.

James A. Teilborg
United States District Judge