1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Rose, on behalf of herself and others similarly situated,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Wildflower Bread Company,<br><br>    Defendant/Counterclaimant. | CV 09-1348-PHX-JAT<br><br>**ORDER** |

On April 13, 2011, after receiving a Notice of Settlement (Doc. 146), the Court ordered the Clerk of the Court to dismiss this case on May 23, 2011, unless prior to that date a party either filed a request for reinstatement or filed a proposed settlement for the Court's consideration and approval. (Doc. 147.) Because the parties had not filed a request for reinstatement or a proposed settlement prior to May 23, 2011, the Clerk dismissed this case and entered a Clerk's Judgment on May 23, 2011. (Doc. 148.)

The parties then filed their Joint Motion to for Leave to File Settlement Agreement Under Seal (Doc. 149) and Joint Motion for Approval of Settlement (Doc. 151) later in the day on May 23, 2011. Despite the "prior to that date" language in the Court's Order (Doc. 147), the parties mistakenly believed that they had until May 23, 2011 to file their proposed settlement agreement. The parties filed a Joint Motion for Relief from Judgment (Doc. 152) to relieve them from their mistake and vacate the judgment. The Court will grant their Joint Motion (Doc. 152) and will vacate the Clerk's judgment so the Court can consider the remaining pending motions.

1  The parties have filed a Joint Motion for Leave to File Confidential Settlement Agreement Under Seal (Doc. 149) and have lodged their Sealed Proposed Settlement Agreement (Doc. 150). The parties' only stated justification for sealing the Proposed Settlement Agreement is their desire to preserve the confidentiality of the terms of the settlement.

The Ninth Circuit Court of Appeals strongly disfavors filing under seal, and requires the parties to show good cause to seal a non-dispositive filing, and compelling reasons to seal dispositive motions and related materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. *Id.* at 1180 (citing *Nixon w. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

The parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 151) is akin to a dispositive filing, and, therefore, subject to the compelling reasons showing. *See e.g.*, *White v. Sabatino*, Nos. 04-0500 ACK/LEK & 05-0025 ACK/LEK, 2007 WL 2750604, at *2 (D. Haw. Sept. 17, 2007)(discussing the dispositive/non-dispositive distinction in connection with settlement agreements).

As the United State Supreme Court noted in *Nixon v. Warner Communications*, the right to inspect judicial records is not absolute and certain exceptions are recognized. A court has the power to insure that its records are not used to gratify private spite or promote public scandal, to serve as reservoirs of libelous statements, or as sources of business information, such as trade secrets. *Nixon*, 435 U.S. at 598.

The parties' Joint Motion to Seal does not address the compelling reasons standard for sealing documents. This deficiency is significant, "because there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Taylor v. AFS Tech., Inc.*, No. CV-09-2567-PHX-DGC, 2010 WL 2079750, at *2 (D. Ariz. May 24, 2010) (quoting *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008)).

- 2 -

1 　　　　The parties do not cite any authority for filing the Settlement Agreement under seal.
2 The Court finds that the parties have not met their "compelling reasons" burden under
3 *Kamakana*.  The Court therefore will deny the Joint Motion for Leave to File Confidential
4 Settlement Agreement Under Seal (Doc. 149).

5 　　　　The Court cannot rule on the parties' Joint Motion for Approval of Settlement
6 Agreement and Dismissal with Prejudice (Doc. 151) at this time because the Proposed
7 Settlement Agreement has not been filed into the record and the parties have not shown
8 compelling reasons for sealing the Settlement Agreement.

9 　　　　Accordingly,

10 　　　　**IT IS ORDERED** GRANTING the parties' Joint Motion for Relief from Judgment
11 (Doc. 152).  The Clerk shall vacate the Clerk's Judgment entered on May 23, 2011 (Doc.
12 148).

13 　　　　**IT IS FURTHER ORDERED** DENYING without prejudice the Joint Motion for
14 Leave to File Confidential Settlement Agreement Under Seal (Doc. 149).

15 　　　　**IT IS FURTHER ORDERED** that the lodged Proposed Settlement Agreement (Doc.
16 150) shall remain under seal, but be stricken from the record.

17 　　　　**IT IS FURTHER ORDERED** that, consistent with Local Rule 5.6(e), the parties
18 shall have seven (7) days from the date of this Order either to: (1) resubmit the Settlement
19 Agreement for filing in the public record; or (2) file a motion to seal, with citation to legal
20 authority, demonstrating compelling reasons for sealing the Settlement Agreement consistent
21 with the standard set forth in *Kamakana*.

22 　　　　DATED this 14th day of June, 2011.

　　　　　　　　　　　　　　　　　　　　James A. Teilborg
　　　　　　　　　　　　　　　　　　　　United States District Judge